**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RORY THOMAS LEE**                                                    **PLAINTIFF**

**V.**                                          **CAUSE NO. 3:10-CV-00392-CWR-LRA**

**THE NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK) AND ILLINOIS**                    **DEFENDANTS**
**CENTRAL RAILROAD COMPANY**

## <u>ORDER</u>

The above-styled matter is before the Court on the *Daubert* Motion by Amtrak and

Illinois Central to Exclude the Testimony of Plaintiff's Proffered Expert Maria Klette Ketchum.[1]

Specifically, the defendants argue that Ketchum should be prohibited from testifying that she

diagnosed the plaintiff as suffering from Post-Traumatic Stress Disorder. After having reviewed

the parties' briefs and the authorities raised therein, the Court has concluded that the motion

should be granted.

This case stems from a crash on October 19, 2009, in McComb, Mississippi, between a

passenger automobile and a train. The plaintiff, Rory Thomas Lee, was an employee of the

National Railroad Passenger Corporation (hereinafter "Amtrak") and was on board the train at

the time of the collision.

Several weeks later, on November 17, 2009, Lee visited Maria Ketchum, a social worker

licensed under the laws of the State of Louisiana and the State of California.[2] According to Lee,

---

[1] *Daubert* Motion by Amtrak and Illinois Central to Exclude the Testimony of Plaintiff's Proffered Expert Maria Klette Ketchum [Docket No. 153].

[2] Plaintiff's Memorandum in Opposition to Defendant, Amtrak and Illinois Central's, *Daubert* Motion to Exclude the Testimony of Maria Klette Ketchum [Docket No. 177].

he reported to Ketchum that he had been experiencing a number of problems, including anxiety, depression, and nightmares.[3] Ketchum ultimately diagnosed Lee with Post-Traumatic Stress Disorder, although Ketchum did not know until many months later that even before the October 2009 crash, Lee suffered from some of the symptoms relied upon by Ketchum in rendering her diagnosis.[4] Even so, Ketchum has not changed that diagnosis during ensuing visits with Lee, which have numbered more than 60.[5]

Ketchum is not the only specialist with whom Lee has visited. Prior to the October 2009 crash, Lee was treated by a psychiatrist, Dr. Richard Richoux, for depression, nightmares, loss of appetite, and a handful of other problems.[6] Three days after the crash, Lee was referred by the Amtrak Employee Assistance Program to Kristie Cato, a psychologist and licensed professional counselor, to whom Lee reported flashbacks, depression, trouble sleeping, lack of appetite, and other symptoms similar to those later represented to Ketchum.[7] And in January 2010, following a referral from Ketchum, psychiatrist Dr. Michael Biunno also received Lee's reports of flashbacks, nightmares, anxiety, etc., and diagnosed Lee with "severe" PTSD.[8]

_____

(hereinafter "Lee's Memo") at 3-5.

[3] Lee's Memo at 5-6.

[4] Brief in Support of Amtrak and Illinois Central's *Daubert* Motion to Exclude the Testimony of Plaintiff's Expert Maria Klette Ketchum [Docket No. 154] (hereinafter "Defendants' Memo") at 6 n.1.

[5] Lee's Memo at 6.

[6] Defendants' Memo at 1-2.

[7] Lee's Memo at 7.

[8] Lee's Memo at 9.

On May 25, 2011, Lee designated Ketchum and Biunno as two of his eight expert witnesses.[9] Both might testify that they each diagnosed Lee with PTSD,[10] as might a third, Dr. Tania Levi.[11]

On October 14, 2011, Amtrak and co-defendant Illinois Central Railroad Company moved to exclude Ketchum's testimony pursuant to the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[12]

## ANALYSIS

The testimony of expert witnesses is governed by Rule 702 of the Federal Rules of Evidence and the post-*Daubert* amendments to Rule 702. That Rule provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>     (a) the expert's scientific technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>     (b) the testimony is based on sufficient facts or data;
>     (c) the testimony is the product of reliable principles and methods; and
>     (d) the expert has reliably applied the principles to the facts of the case.

The purpose of the Rule is to guide the district court's gatekeeping function, helping it ensure that the jury hears expert testimony that is reliable and relevant.[13] "Reliability is determined by assessing whether the reasoning or methodology underlying the testimony is

---

[9] Plaintiff's Designation of Experts [Docket No.90] at 2-5.

[10] Plaintiff's Designation of Experts at 3, 4.

[11] Plaintiff's Designation of Experts at 7.

[12] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[13] *See Guy v. Crown Equip. Corp.*, 394 F.32d 320, 325 (5th Cir. 2004).

scientifically valid."[14] The party offering the expert bears the burden of establishing reliability by a preponderance of the evidence.[15] However, "[t]he proponent of an expert's testimony need not prove the testimony is factually correct,"[16] and "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[17]

Additionally, Rule 702 requires that an expert be qualified to offer the testimony at issue. Rule 702 establishes that one may qualify as an expert by virtue of his "knowledge, skill, experience, or education." "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[18]

In the case at hand, Illinois Central and Amtrak raise both of these issues in their objection to Ketchum's testimony. According to the defendants, Ketchum is not sufficiently qualified as an expert on PTSD to testify regarding her diagnosis. Additionally, the defendants contend that Ketchum based her diagnosis on the premise that Lee had not suffered prior to the October 2009 crash from the symptoms which led her to her diagnosis – a premise that was incorrect.

The Court need not reach the second question, though, because the first compels

---

[14] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

[15] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

[16] *Paz v. Brush Eng'd Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

[17] *Kador v. City of New Roads*, 2011 WL 4889102, *1 (M.D. La. 2011).

[18] *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing favorably *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 781 (3rd Cir. 1996)).

4

exclusion of Ketchum's diagnosis. The defendants argue that although Ketchum is a licensed social worker, she holds no psychology degrees; she did not attend medical school; she is not a medical physician, psychologist, or psychiatrist; she cannot prescribe medication; and she is not qualified or certified to administer psychological tests. According to the defendants, Ketchum's only academic experience regarding PTSD was a 15-hour continuing education course.[19]

Lee refutes none of these contentions but nevertheless argues that Ketchum remains qualified to offer expert testimony regarding her diagnosis. According to Lee, Ketchum has given at least five depositions regarding patients suffering from PTSD[20] and currently is treating approximately 10 patients who have PTSD.[21] Additionally, Lee relies on a Louisiana statute governing the issuance of social worker licenses like that held by Ketchum. As established by Section 2708 of the Louisiana Revised Statutes, the State of Louisiana recognizes that "[t]he practice of clinical social work requires the application of specialized clinical knowledge and advanced clinical skills in the areas of prevention, assessment, *diagnosis*, and treatment of mental, emotional, and behavioral and addiction disorders."[22]

But when evaluating an expert's credentials, a district court must be more concerned with the substance of a would-be expert's qualifications than the labels attached to them.[23]

---

[19] Defendants' Memo at 3.

[20] Lee's Memo at 4.

[21] Lee's Memo at 5.

[22] La. Rev. Stat. Ann. § 37:2708(B) (emphasis added).

[23] *See Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 850 (6th Cir. 1981) ("[T]he trial judge should not rely on labels, but must investigate the competence a particular proffered witness would bring to bear on the issues . . . .").

Notwithstanding Section 2708,[24] Ketchum's resume' demonstrates precious little suggesting that her knowledge, skill, experience, training, or education entitle her to testify as to a diagnosis of PTSD.[25] Although *Daubert* is flexible, it is not so forgiving as to permit testimony by a witness whose expertise rests solely on a 15-hour continuing education course.[26] Confronted with a similar question, Judge Blake of the District of Maryland recently wrote that "[a] mechanical engineer is not necessarily qualified to testify as an expert on any issue within the vast field of mechanical engineering. Rather, he must possess some special skill, knowledge, or experience

---

[24] Notably, research reveals no case in which a court has held that Section 2708 entitles a social worker to testify as an expert regarding a diagnosis. Likewise, Section 73-53-3(e) of the Mississippi Code recognizes that clinical social work practice involves "diagnosis . . . of mental, emotional, and behavioral disorders, conditions, and addictions," but no state appellate court or federal court has relied thereon to qualify a social worker to testify regarding a diagnosis.

[25] "[A] witness can be qualified as an expert 'even though he lacks practical experience, provided that he has received suitable training or education or has otherwise gained the requisite knowledge or skill.'"*Ergon-West Virginia, Inc. v. Dynegy Marketing & Trade*, 2011 WL 765555, * 2 (S.D. Miss. Feb. 25, 2011) (citation omitted). This is not to say that a social worker may never testify as an expert regarding a diagnosis, even of PTSD. Likewise, this Court should not be heard to imply that continuing education courses, seminars, and the like cannot produce a well of knowledge sufficient to merit qualification as an expert. The Court simply concludes that, in this instance, attending a one 15-hour continuing education course does not offer the requisite suitable training on a matter as complex as PTSD.

[26] *See Taylor Pipeline Const., Inc. v. Directional Road Boring, Inc.*, 438 F. Supp. 2d 696, 705-06 (E.D. Tex. 2006) (although it was undisputed that proposed expert could offer certain testimony, court ruled that he was not qualified to render opinion in the discreet area for which his testimony was sought even though he had participated in a number of continuing education courses including four two-day seminars and had been in the business of the related field for more than thirty years); *Edmonds v. Illinois Central R.R.*, 910 F.2d 1284, 1286-87 (5th Cir. 2009) (holding that a clinical psychologist, who was not medical doctor, did not conduct any medical tests, made no medical diagnosis, and relied only on generic studies suggesting link between stress and illness but could not relate the studies to facts of case, could not testify as to medical causation).

concerning the particular issue before the court."[27] So too must a social worker seeking to opine

on a diagnosis falling within her vast field: particular expertise, not potential expertise, must be

demonstrated. In this matter, it has not.[28]

The Court also is unmoved by the fact that Ketchum has treated and continues to treat a

number of patients suffering from PTSD. She may be eminently qualified to do so, but *treating*

someone for PTSD is an altogether different matter than *diagnosing* it.[29] And because her

knowledge, skill, experience, training, and education demonstrate no expertise in the area of

PTSD diagnosis, the defendants' motion must be granted in that it seeks to foreclose her from

testifying that she diagnosed Lee as suffering from PTSD.

Of course, this does not prevent Ketchum from testifying about other matters related to

her treatment of Lee, such as the number of times that she visited with Lee, the symptoms he

reported and exhibited, and the length of time over which those symptoms persisted. Likewise,

Ketchum's inability to offer expert testimony regarding her diagnosis does not prevent another

witness from testifying about Lee's PTSD diagnosis, so long as that witness is qualified on the

topic by knowledge, skill, experience, training, or education.

SO ORDERED this Eleventh day of January 2012.

---

[27] *Cantrell v. Wirtgen Am., Inc.*, 2011 WL 915324, *3 (D. Md. March 15, 2011).

[28] *Cf. Huss v. Gayden*, 571 F.3d 442, 453-55 (5th Cir. 2009) (board-certified internist, although certified in neither cardiology nor toxicology, could testify regarding heart condition because he had practiced in a related field for 15 years, had treated patients with heart conditions, and was familiar with the particular heart condition at issue in the case).

[29] *See Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991) ("A person qualified to give an opinion on one subject is not necessarily qualified to opine on others.").

_/s/ Carlton W. Reeves_
Hon. Carlton W. Reeves
United States District Court Judge