IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RORY THOMAS LEE**                                                     **PLAINTIFF**

**V.**                                                         **CAUSE NO. 3:10-CV-00392-CWR-LRA**

**THE NATIONAL RAILROAD PASSENGER**
**CORPORATION (AMTRAK) AND ILLINOIS**                       **DEFENDANTS**
**CENTRAL RAILROAD COMPANY**

### ORDER DENYING MOTION FOR NEW TRIAL

After entry of an adverse Judgment[1] on January 25, 2012, Rory Thomas Lee moved for a new trial on February 17, 2012. In support of that motion, Lee offered four assignments of error, which are quoted directly for the sake of accuracy:

> (1) failing to instruct the jury correctly on the law governing Amtrak's non-delegable duty to provide Plaintiff with a reasonably safe place to work; (2) failing to instruct the jury with Plaintiff's proposed jury instruction No. 2 dealing with Illinois Central agency status under the Federal Employers LA; (3) erroneously instructing the jury regarding Plaintiff's contributory negligence when there was no evidence in the record to support the instruction; and (4) erroneously instructing the jury in a way which they could infer that Plaintiff assumed the risk of his employment with Amtrak, a defense which is barred under the FELA.[2]

Rule 59(a) of the Federal Rules of Civil Procedure empowers a court to grant a new trial in the wake of a mistake of law. "The purpose of a motion for a new trial is to point out to the trial court alleged errors, so that they may be corrected by that court, and also for the purpose of furnishing a record to courts of appeals for the review of the action of the trial court."[3] A decision

---

[1] Judgment on Jury Verdict [Docket No. 228].

[2] Motion for New Trial [Docket No. 239] at 1.

[3] *Fine v. Paramount Pictures*, 181 F.2d 300, 302 (7th Cir. 1950).

1

as to whether a new trial should be granted "is confined almost entirely to the exercise of discretion on the part of the trial court."[4] However, "while vested with discretion to grant a new trial . . . if necessary in accordance with the interests of justice, we have observed that this power should be exercised infrequently by district courts, unless warranted by exceptional circumstances."[5]

Among the subjects open to a motion for new trial is that of jury instructions, which is the sole basis upon which the plaintiff seeks the new trial.[6] The Fifth Circuit has held that decisions regarding jury instructions are left to a trial judge's sound discretion but that

> [a] district court abuses its discretion in denying a requested instruction only if such instruction (1) is a substantively correct statement of the law, (2) is not substantially covered in the charge as a whole, *and* (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [case].

"The Court has the responsibility of fully and correctly instructing the jury on the applicable law of each case."[7] In fashioning jury instructions, the Court is given considerable latitude so long as the charge taken as a whole is accurate and not misleading.[8]

The Court has reviewed Lee's arguments, as well as the opposition of the defendants, as it did when jury instructions were presented to the Court for argument at trial, and remains

---

[4] *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 191 (1980).

[5] *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005).

[6] *See Cruthirds v. RCI, Inc.*, 624 F.2d 632, 635 (5th Cir. 1980).

[7] *Hardy v. City of Tupelo, Miss.*, 2009 WL 3678262, *19 (N.D. Miss. Nov. 2, 2009) (citations omitted).

[8] *Id*.

unpersuaded by Lee's positions. The Court finds that the jury was instructed properly and that there is no reason to disturb its previous decisions on this matter. Therefore, the motion for new trial is denied.

    SO ORDERED this Eighteenth day of April 2012.

                                    /s/ *Carlton W. Reeves*
                                  Hon. Carlton W. Reeves
                                  United States District Court Judge